CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, <br><br> Plaintiff, <br><br> v. <br><br> **RJR Properties,** a General Partnership; **Nemo's & Jack's Discount Tire & Wheel, Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |

Plaintiff Samuel Love complains of Defendants RJR Properties, a General Partnership; Nemo's & Jack's Discount Tire & Wheel, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a paraplegic who uses a wheelchair for mobility.

1

Complaint

1     2.  Defendants are, or were at the time of the incidents, the real property

2  owners, business operators, lessors and/or lessees for Nemo and Jack's

3  Discount Tire store ("Store") located at or about 280 S. Arrowhead Avenue,

4  San Bernardino, California.

5     3.  Plaintiff does not know the true names of Defendants, their business

6  capacities, their ownership connection to the property and business, or their

7  relative responsibilities in causing the access violations herein complained of,

8  and alleges a joint venture and common enterprise by all such Defendants.

9  Plaintiff is informed and believes that each of the Defendants herein,

10  including Does 1 through 10, inclusive, is responsible in some capacity for

11  the events herein alleged, or is a necessary party for obtaining appropriate

12  relief. Plaintiff will seek leave to amend when the true names, capacities,

13  connections, and responsibilities of the Defendants and Does 1 through 10,

14  inclusive, are ascertained.

15

16     **JURISDICTION & VENUE:**

17     4.  This Court has subject matter jurisdiction over this action pursuant to

18  28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans

19  with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

20     5.  Pursuant to pendant jurisdiction, an attendant and related cause of

21  action, arising from the same nucleus of operative facts and arising out of the

22  same transactions, is also brought under California's Unruh Civil Rights Act,

23  and the California Disabled Persons Act, which acts expressly incorporate the

24  Americans with Disabilities Act.

25     6.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

26  founded on the fact that the real property which is the subject of this action is

27  located in this district and that Plaintiff's cause of action arose in this district.

28

Complaint

**FACTUAL ALLEGATIONS:**

7.   The Plaintiff went to Store in December of 2014 to shop.

8.   The Store is a facility open to the public, a place of public accommodation, and a business establishment.

9.   Parking spaces are one of the facilities, privileges and advantages offered by defendants to their customers at the Store.

10. Unfortunately, although parking spaces are one of the facilities available to patrons of the Store, there were no compliant parking spaces available for persons with disabilities. Instead, there was a parking space reserved for persons with disabilities but the access aisle was too small. The dimensions of the parking space were not compliant with the law. The parking space was 108 inches in width while the access aisle was just 48 inches in width. The plaintiff, who drives a van, needs an access aisle that is 8 feet wide.

11. Plaintiff alleges that there used to be a van-accessible parking space in the lot for persons with disabilities. Unfortunately, the parking space has been allowed to fade or get paved over.  Because of defendants' lack of maintenance and care, the accessible parking space designed for use by persons with disabilities is no longer available.

12. Defendants have no policy or procedure in place to make sure that the accessible parking spaces remain useable in the parking lot. As such, the parking space reserved for persons with disabilities is no longer suitable for use by plaintiff.

13. The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

14. Paths of travel are one of the facilities, privileges and advantages offered by defendants to their customers at the Store.

3

Complaint

15. Plaintiff, although he did not personally confront the barrier, alleges that the path of travel from the parking lot to the two entrances requires a person to navigate steps for which there are no ramps.

16. Restrooms are one of the facilities, privileges and advantages offered by defendants to their customers at the Store.

17. Plaintiff alleges that the restroom doorway clear passage width was 29 inches and inaccessible to wheelchair users.

18. Plaintiff alleges that the restroom mirror is mounted on the wall so that its bottom edge is approximately 47 inches above the floor and is not effectively used by wheelchair users.

19. The restroom provides a toilet. However, instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, plaintiff alleges that there are no grab bars.

20. There are wall mounted accessories and equipment in the restroom including a paper towel dispenser. Plaintiff alleges that the dispenser is mounted so that its highest operable parts are greater than 54 inches above the finished floor and inaccessible to wheelchair users.

21. Plaintiff would like to return and patronize the Store but will be deterred from visiting until the defendants cure the violation. Plaintiff lives in Riverside County but often travels into San Bernardino County. Plaintiff shops in the County on a regular basis.

22. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23. Given the obvious and blatant violations, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site

4

Complaint

1    inspection. However, please be on notice that the plaintiff seeks to have all

2    barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191

3    (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site,

4    he can sue to have all barriers that relate to his disability removed regardless

5    of whether he personally encountered them).

6        24. Additionally, on information and belief, the plaintiff alleges that the

7    failure to remove these barriers was intentional because: (1) these particular

8    barriers are intuitive and obvious; (2) the defendants exercised control and

9    dominion over the conditions at this location and, therefore, the lack of

10   accessible facilities was not an "accident" because had the defendants

11   intended any other configuration, they had the means and ability to make the

12   change.

13

14   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

15   **WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all

16   defendants (42  U.S.C. section 12101, et seq.)

17       25. Plaintiff repleads and incorporates by reference, as if fully set forth

18   again herein, the allegations contained in all prior paragraphs of this

19   complaint.

20       26. Under the ADA, it is an act of discrimination to fail to ensure that the

21   privileges, advantages, accommodations, facilities, goods and services of any

22   place of public accommodation is offered on a full and equal basis by anyone

23   who owns, leases, or operates a place of public accommodation. See 42

24   U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

25               a. A failure to make reasonable modifications in policies, practices,

26                   or procedures, when such modifications are necessary to afford

27                   goods,    services,    facilities,    privileges,    advantages,    or

28                   accommodations   to   individuals   with   disabilities,   unless   the

Complaint

accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

28. Here, the lack of a compliant, accessible parking space is a violation of the law.

29. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id*. 2010 Standards § 303.4.

30. Here, the unramped steps are a violation of the ADA.

6

Complaint

31. All doors to restrooms must have a minimum clear opening of 32 inches with the door open 90 degrees, measured between the face of the door and the opposite stop. 1991 Standards § 4.22.2; 4.13.5; 2010 Standards § 404.2.3.

32. Here, the failure to provide the 32 inch wide restroom doorway opening is a violation of the ADA.

33. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3.

34. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

35. For a toilet to be considered accessible under the ADA, there must be two grab bars on walls adjacent to the toilet to assist persons with disabilities to transfer to the toilet. 1991 Standards § 4.16.4; 2010 Standards § 604.5.

36. Here, the failure to provide compliant grab bars is a violation.

37. If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 54 inches above the floor. 1991 Standards § 4.22.7; 4.27.

38. Here, the failure to ensure that the wall mounted accessories met the height requirement is a violation of the ADA.

39. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

40. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

41. Given its location and options, the Store is a business that the plaintiff will continue to desire to patronize but he has been and will continue to be

7

Complaint

discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

43. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

44. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

46. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

47. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each

Complaint

responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

48. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

49. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

Complaint

1      3. Reasonable attorney fees, litigation expenses and costs of suit,

2  pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

3

4  Dated: December 29, 2014      CENTER FOR DISABILITY ACCESS

5

6  By: _____
   Mark Potter, Esq.
7  Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint