MICHAEL A. SCAFIDDI, ESQ., (SBN: 188567)
GARY HARRISON, ESQ., (SBN: 158421)
LAW OFFICES OF MICHAEL A. SCAFIDDI, INC.
432 N. Arrowhead Ave.
San Bernardino, CA 92401
Telephone: (909) 381-1000
Facsimile: (909) 381-1077

Attorneys for Defendants, RJR Properties,
a General Partnership, and Nemo's & Jack's
Discount Tire and Wheel, a California Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samuel Love,<br><br>             Plaintiff,<br><br>   vs.<br><br>RJR Properties, a General Partnership, Nemo's & Jack's Discount Tire and Wheel, a California Corporation, and Does 1-10,<br><br>             Defendants. | CASE NO: 5:15-cv-00001-DSF (DTBx)<br><br>MOTION FOR CONSOLIDATION<br>[F.R.C.P. Rule 42]<br>United States District Court-Central District<br>312 N. Spring Street<br>Los Angeles, California 91002-4701<br>Telephone (213) 894-1565<br><br>Hon. Dale S. Fischer |

Cover page for Case 1 for Consolidation.

///

///

///

Motion for Consolidation     1

1  MICHAEL A. SCAFIDDI, ESQ., (SBN: 188567)
   GARY HARRISON, ESQ., (SBN: 158421)
2  LAW OFFICES OF MICHAEL A. SCAFIDDI, INC.
   432 N. Arrowhead Ave.
3  San Bernardino, CA 92401
   Telephone: (909) 381-1000
4  Facsimile: (909) 381-1077

5  Attorneys for Defendants

6                   UNITED STATES DISTRICT COURT

7                  CENTRAL DISTRICT OF CALIFORNIA

8

9  Samuel Love,                          )   CASE NO: 5:15-cv-00001-DSF (DTBx)
                                          )
10                Plaintiff,              )
                                          )   MOTION FOR CONSOLIDATION
11       vs.                              )   [F.R.C.P. Rule 42]
                                          )   United States District Court-Central District
12 RJR Properties, a General              )   312 N. Spring Street
   Partnership; Nemo's & Jack's           )   Los Angeles, CA 91002-4701
13 Discount Tire and Wheel, a             )   Telephone (213) 894-1565
   California Corporation, and            )
14 Does 1-10,                             )   Hon. Dale S. Fischer
                  Defendants.             )
15 _____)
                                          )
16 Samuel Love,                           )
                                          )
17                Plaintiff,              )   CASE NO: 5:15-cv-00002-JGB (SPx)
                                          )   [F.R.C.P. Rule 42]
18       vs.                              )   United States District Court - Central District
                                          )   Court address: 3420 Twelfth Street, Riverside,
19 Guillermo Ocampo; Rebeca Ocampo;)          California 92501-3819
   Gibson Brothers Janitorial Service,    )   Telephone (951) 774-1000
20 Inc., a California Corporation; and    )
   Does 1-10                              )   Hon. Jesus G. Bernal
21                                        )
                  Defendants.             )
22 _____)
                                          )
23 Samuel Love,                           )
                                          )
24                Plaintiff,              )   CASE NO: EDCV 5:15-cv-00034-VAP-DTB
                                          )   [F.R.C.P. Rule 42]
25       vs.                              )   United States District Court - Central District
                                          )   3420 Twelfth Street
26 Guillermo Ocampo; Martha Ocampo;)          Riverside, CA 92504-3819
   and Does 1-10,                         )   Telephone (951) 774-1000
27                                        )
                  Defendants.             )   Hon. Virginia A. Phillips
28                                        )

                           Motion for Consolidation                              1

TO THE HONORABLE JUDGES DALE S. FISCHER, JESUS G. BERNAL, AND VIRGINIA A. PHILLIPS, AND TO PLAINTIFF, SAMUEL LOVE IN EACH OF THE THREE (3) CASES AND TO DEFENDANTS GUILLERMO OCAMPO, REBECCA OCAMPO, GIBSON BROTHERS JANITORIAL SERVICE, GUILLERMO OCAMPO, MARTHA OCAMPO, RJR PROPERTIES, NEMO'S & JACK'S DISCOUNT TIRE AND WHEEL, AND THEIR COUNSEL OF RECORD, LAW OFFICES OF MICHAEL A. SCAFIDDI, INC., AND ANY OTHER INTERESTED PERSONS OR ENTITIES:

PLEASE TAKE NOTICE THAT on March 16, 2015, at 1:30 p.m. at the United States District Court, Central Division, located at 312 N. Spring Street, Los Angeles, California, 91002-4701, in Courtroom 840, the Honorable Judge Dale S. Fischer, presiding, Defendants and each of them in each of the three (3) cases will move this court to consolidate each case for all purposes including trial or in any other permitted manner that the court, in its discretion elects. This motion is made pursuant to Federal Rules of Civil Procedure Rule 42 and is based on the records of this court and the declarations and pleadings filed relating to the motion and any other such evidence that the court, in its discretion, may consider.

Respectfully Submitted,

Date: January 26, 2015    LAW OFFICES OF MICHAEL A. SCAFIDDI, INC.

By: *Michael G. Scafiddi* (signature)
MICHAEL A. SCAFIDDI, ESQ.
GARY HARRISON, ESQ.
432 N. Arrowhead Ave.
San Bernardino, CA 92401- (909) 381-1000
Gharrisonsxb@gmail.com; Michael@scafiddilaw.com
Attorneys for Defendants RJR Properties; Nemo's & Jack's Discount Tire and Wheels, Guillermo Ocampo and Martha Ocampo, Guillermo Ocampo, Rebeca Ocampo, and Gibson Brothers Janitorial Service, Inc.

## DECLARATION OF MICHAEL A. SCAFIDDI, ESQ.

I, MICHAEL A. SCAFIDDI, ESQ., declare:

1. I am an attorney, duly licensed to practice law in the State of California, State Bar Number 188567. I am the attorney of record for each of the three sets of Defendants that seek to consolidate three (3) cases, all with the same Plaintiff and virtually identical allegations of violations of the Americans With Disabilities Act, the California Disabled Persons Act and general negligence, if called as a witness, I could and would competently testify thereto.

2. The first case filed was *Samuel Love vs. RJR Properties, a General Partnership and Nemo's & Jack's Discount Tire and Wheel, a California Corporation and Does 1-10*, filed under Case No: 5:15-cv-00001-DSF (DTBx) (hereinafter referred to as "Case 1".) The second case filed was *Samuel Love vs. Guillermo Ocampo, Martha Ocampo, and Does 1-10* filed under Case No: EDCV 5:15-cv-00034-VAP DTB (hereinafter referred to as "Case 2".) The third case filed was *Samuel Love vs. Guillermo Ocampo, Rebeca Ocampo, Gibson Brothers Janitorial Service, Inc., a California Corporation, and Does 1-10*, filed under Case No: 5:15-cv-00002-JGB (SPx) (hereinafter referred to as "Case 3".)

3. The Plaintiff, Samuel Love is represented by the same counsel in all three cases. Each Defendant in all three cases is represented by the same counsel.

4. Based on the Request for Judicial Notice filed concurrently, I request the court take Judicial Notice pursuant to the Federal Rules of Evidence, rule 201(2) of the contents of each of the three (3) Complaints. Other than the names and addresses specific to each case, paragraphs 1-6 of each Complaint are virtually identical.

5. The factual allegations in paragraphs 7 - 10 are virtually identical. All three Complaints allege improper handicapped parking spaces at the businesses.

6. There are some minor variations in paragraph 10 in the three (3) complaints, as to the reasons why Plaintiff alleges the parking spaces are not adequate, but the gravamen of the Complaints are identical.

/ / / / /

/ / / / /

Motion for Consolidation                                                                                                   3

7. The Complaint against Defendants, RJR Properties, a General Partnership and Nemo's & Jack's Discount Tire and Wheel, a California corporation, contains allegations that paths of travel inside the business do not meet the requirements of the Acts. The other complaints do not contain these allegations.

8. The remaining allegations in all three (3) Complaints are virtually identical. The causes of action alleged are identical. The prayers for damages are identical. The fact there was no notice provided to any of the businesses of the alleged allegations is common to all Complaints. Other than the names and addresses and the one additional allegation against Defendants, RJR Properties, a General Partnership and Nemo's & Jack's Discount Tire and Wheel, a California Corporation, for narrow aisles, the three (3) Complaints are virtually identical in every respect.

9. Each case is at the same state of preparedness. All have been served and Answers have been filed. It would aid the trier of facts and would facilitate presentation of the trials if all of the cases were consolidated. Discovery would be easier if all of the cases were consolidated. Only one expert would have to testify one time at trial if the cases are consolidated for all purposes including trial.

10. Since all of the allegations are identical, there are overlapping issues. It would be judicially efficient for one Judge to be assigned the case in chief and for one Magistrate to handle all discovery issues.

11. Based on the foregoing, all of the Defendants in each of the three (3) cases request the court consolidate the cases for all purposes including trial or in the alternative, assign all cases to one Judge pursuant to Federal Rules of Civil Procedure rule 42 as more fully explained in the concurrent Points and Authorities.

12. The risk of inconsistent outcomes outweighs the risk of prejudice to the Plaintiff by consolidation.

13. The time of presenting trial testimony would be shortened if the cases were consolidated. Especially the Plaintiff would not have to testify three different times. Given the physical limitations the Plaintiff alleges he has, minimizing the Plaintiff's time spent on the

1. witness stand appears to be appropriate.
2.     I declare under penalty of perjury under the laws of the State of California that the
3. foregoing is true and correct and that this declaration was executed on January 29, 2015, in San
4. Bernardino, California.

_____
MICHAEL A. SCAFIDDI, ESQ.
432 N. Arrowhead Ave.
San Bernardino, CA 92401- (909) 381-1000
Gharrisonsxb@gmail.com;
Michael@scafiddilaw.com,
Attorney for Defendants RJR Properties; Nemo's & Jack's Discount Tire and Wheel, Guillermo Ocampo and Martha Ocampo, Guillermo Ocampo, Rebeca Ocampo and Gibson Brothers Janitorial Service, Inc.

## POINTS AND AUTHORITIES

### Argument 1

### THE COURT HAS THE AUTHORITY TO CONSOLIDATE ALL THREE CASES

Federal Rules of Civil Procedure, Rule 42(a) states:

> "When separate actions before the court involve a common question of law or fact, the court may either: join the separate actions for hearing or trial of any or all matters at issue in the actions; consolidate the actions; or make any other orders to avoid unnecessary cost or delay." [FRCP 42(a)]

The purpose of course is to enhance trial court efficiency (i.e., to avoid unnecessary duplication of evidence and procedures) and to avoid the substantial danger of inconsistent adjudications (i.e., different results because tried before different juries, or a judge and jury. [E.E.O.C. v. HBE Corp. (8th Cir. 1998) 135 F3d 543, 551. Consolidation would be inappropriate, however, if it leads to inefficiency, inconvenience or unfair prejudice to a party

1A.   The Requirement for a Common Question Is Satisfied:

The single essential requirement is questions of law or fact common to the cases that are to be consolidated. [*Enterprise Bank v. Saettele* (8th Cir. 1994) 21 F3d 233, 235]. It is not enough that the suits involve a common defendant if the factual and legal issues are otherwise unrelated. [*Enterprise Bank v. Saettele, supra*, 21 F3d at 236—abuse of discretion to consolidate separate contract actions against common defendant]. Here, there are common issues of law and fact and there is a single plaintiff and multiple defendants accused of the same violations. There are sufficient common questions beyond the fact that each case has a common plaintiff.

1B.   Effect of consolidation.

Although FRCP 42(a) does not expressly so provide, most courts that hold consolidation do not merge the separate lawsuits into a single action; i.e., the consolidated actions retain their separate character. If the cases are pending in different districts, the actions may be transferred to any district for coordination by the Judicial Panel on Multidistrict Litigation. [28 USC §1407.]

In addition, if appropriate, such actions may be transferred to one district by the Judicial Panel on Multidistrict Litigation for consolidation of pretrial proceedings, and then remanded back to the original courts at the conclusion of the pretrial proceedings. [28 USC §1407.]

**Argument 2**

**THE DEFENDANTS HAVE FOLLOWED THE CORRECT PROCEDURE TO REQUEST THE COURT CONSOLIDATE ALL THREE (3) CASES**

Consolidation may be ordered on motion of any party to the action or on the court's own motion. (Alternatively, the parties may stipulate to consolidation and seek court approval of their stipulation.) [See *Devlin v. Transportation Communications Int'l Union* (2nd Cir. 1999) 175 F3d 121,130—sua sponte consolidation upheld; In re Air Crash Disaster at Florida Everglades on December 29, 1972 (5th Cir. 1977) 549 F2d 1006,1013.

2A.   The Motion is Timely.

A motion for consolidation should be made whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of the case (e.g., "common" discovery). Delay in seeking consolidation is a common ground for denial (116:152).

**Argument 3**

**JUDGE JESUS G. BERNAL SHOULD HEAR THIS MOTION**

If the actions have been assigned to more than one judge in a district, a question may arise as to which judge should hear the motion. Ordinarily, the motion is heard by the judge having the first-filed action. [*Ross v. Longchamps, Inc.* (ED MO 1971) 336 F.Supp. 434, 438—required by local rule]. Here, since the case with the lowest case number and earliest filing date is assigned to Judge Bernal, his department should hear and rule on the consolidation motion.

**Argument 4**

**ALL OF THE RELEVANT FACTORS THE COURT MUST CONSIDER FAVOR CONSOLIDATION**

The paramount concern is for a fair and impartial trial. Considerations of judicial economy and convenience usually favor consolidation. Therefore, in exercising its discretion, the court must consider the following factors.

4A.   There Is No Risk of Delaying Any of the Three (3) Trials.

Consolidation may be denied where the cases involved are at different stages of preparedness for trial. Here, all of the cases are in the identical initial procedural posture. There is

1 no risk that consolidating will delay any one of the cases.

    4B.    <u>The Risk of Inconsistent Outcomes Outweighs any Reason Not to Consolidate.</u>

Consolidating separate cases must be weighed against the risk of inconsistent adjudications if they are not consolidated. The risk of prejudice and confusion may be reduced by cautionary instructions to the jury and verdict sheets outlining each plaintiff's claims, charts to help distinguish among plaintiff's damage claims, and numerous limiting instructions by the court to help the jury understand how the evidence relates to the claims of individual plaintiffs.) [<u>Cantrell v. GAFCorp.</u> (6th Cir. 1993) 999 F2d 1007,101-1; <u>Malcolm v. National Gypsum Co.</u> (2nd Cir. 1993) 995 F2d 346, 350]

    4C.    <u>Consolidating Does Not Impose any Additional Burden on the Plaintiff.</u>

Added time will be required in trying multiple lawsuits consolidated for trial, with greater inconvenience and expense to all concerned. [<u>Johnson v. Celotex Corp.</u> (2nd Cir. 1990) 899 F2d 1281,1285] Here, all of the parties on each side are represented by the same counsel

    4D.    <u>Consolidating the Cases Will Not Impede a Fair Trial.</u>

Common issues alone do not justify consolidating cases in which individual issues predominate. Considerations of convenience and efficiency must yield to the paramount concern for fair and impartial trials. [See <u>Malcolm v. National Gypsum Co., supra</u>, 995 F2d at 351—abuse of discretion to consolidate 48 asbestos cases involving different work sites, different lengths of exposure and different diseases; <u>In re Repetitive Stress Injury Litig.</u> (2nd Cir. 1993) 11 F3d 368, 373—abuse of discretion to consolidate 44 "repetitive stress injury claims" where plaintiffs worked for different employers, had different occupations and suffered from different conditions]. Here, none of the above noted limitations apply. The Plaintiff alleges the same defect at all three (3) establishments sued.

### Argument 5

### THE COURT CAN CONSOLIDATE TO THE EXTENT NECESSARY

The court may order a joint hearing or trial on "any or all matters at issue" in the separate actions. [FRCP 42(a)(1)] The most common situation is where the court orders a single trial on the "common issues" involved (e.g., liability issues), reserving other issues for separate trial (e.g.,

**Motion for Consolidation**      3

compare—pretrial consolidation only: Actions are sometimes consolidated only for pretrial purposes and not for trial; e.g., discovery proceedings may be consolidated in actions otherwise separate and independent. Here, the Defendants seek consolidation for all purposes, but in the event the court does not agree that the three cases should be consolidated for all purposes, the court can, and defendants urge the Court to make other consolidation orders as to liability only, or as to discovery issues only.

### Conclusion

There is authority to consolidate on these facts. Short of consolidation, there is authority to assign all cases to a single Judge, coordinate discovery and adjudicate common issues of liability. All defendants in all three (3) cases request the cases be consolidated for all purposes. There are common issues of law and fact in all three cases. The Complaints are almost identical in all three cases. The alleged violations are similar and are based on the same code sections of the Acts. The risk of inconsistent outcomes outweighs the risk of prejudice.

Dated: January 29, 2015           Respectfully submitted,

LAW OFFICES OF MICHAEL A. SCAFIDDI, INC.

By: _Michael A Scafiddi_
MICHAEL A. SCAFFIDI, ESQ.
GARY HARRISON, ESQ.
432 N. Arrowhead Ave.
San Bernardino, CA 92401- (909) 381-1000
Gharrisonsxb@gmail.com;
Michael@scafiddilaw.com,
Attorney for Defendants RJR Properties; Nemo's & Jack's Discount Tire and Wheel Guillermo Ocampo and Martha Ocampo, Guillermo Ocampo, Rebeca Ocampo and Gibson Brothers Janitorial Service, Inc.

**PROOF OF SERVICE**
California Code of Civil Procedure §§ 1011, 1013, 1013a. 2015.5

STATE OF CALIFORNIA )
COUNTY OF SAN BERNARDINO )

I am employed in the County of San Bernardino, State of California. I am over the age of eighteen (18) years, and not a party to this action. My business address is 432 North Arrowhead Avenue, San Bernardino, California 92401.

On February 5, 2015, I served the foregoing documents described as: **MOTION FOR CONSOLIDATION** on the interested parties in the action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as indicated:

**SEE ATTACHED SERVICE LIST**

/√/ (By Mail) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Bernardino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/___/ (By overnight delivery) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the address(es) mentioned above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

/___/ (By Facsimile Transmission) I served the above-described document on the interested parties in this action by sending a true copy thereof by facsimile transmission pursuant to *California Rules of Court*, Rule 2008, from facsimile machine number (909) 381-1077. The facsimile machine I used complied with *California Rules of Court*, Rule 2008, and no error was reported by the machine. Pursuant to Rule 2008(e)(3), I caused the machine to print a transmission record of the transmission.

/___/ (By Personal Service) I caused such envelope(s) to be hand delivered to the office(s) of the addressee(s).

/√/ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 5, 2015, at San Bernardino, California.

_____
Dondra Ferris

Motion for Consolidation 5

**PROOF OF SERVICE**
California Code of Civil Procedure §§ 1011, 1013, 1013a. 2015.5

Phyl Grace, Esq.
Center for Disability Access
P. O. Box 262490
San Diego, CA 92196-2490
Tel: (848) 375-7385

*Attorneys for Plaintiff, Samuel Love*

Honorable Judge Dale S. Fischer
United States District Court
312 N. Spring Street
Los Angeles, CA 91002-4701

Motion for Consolidation                                      6