CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, | Case No.: 5:15-CV-00001-DSF-DTB |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION FOR CONSOLIDATION** |
| v. | |
| **RJR Properties,** a General Partnership; **Nemo's & Jack's Discount Tire & Wheel, Inc.,** a California Corporation; and Does 1-10, | Date: 3/16/2015 |
| | Time: 1:30 |
| Defendants. | Courtroom: 840 |
| | Hon. Dale Fischer |

//

//

//

//

## I. INTRODUCTION

On or about February 6, 2015, the defense brought a motion to consolidate three cases. According to the Defendant, the following cases are so "related" as to merit consolidation as defined by Federal Rules of Civil Procedure Rule 42:

1. <u>Love v. RJR Properties.</u>, 5:15-cv-00001-DSF (DTBx) ("Jack's Discount Tire Store", "Jack's")
2. <u>Love v. Guillermo Ocampo, Martha Ocampo</u>, 5:15-cv-00034-VAP-DTB ("Arrowhead Auto Repair", "Arrowhead")
3. <u>Love v. Guillermo Ocampo, Rebeca Ocampo, Gibson Brothers Janitorial Service, Inc</u>., 5:15-cv-00002-JGB (SPx) ("Gibson Discount Janitorial Supply", "Gibson")

## II. ARGUMENT

The defense claims that these cases should be consolidated because each case: (1) has similar complaints; (2) "allege improper handicapped parking spaces," and (3) "have similar allegations regarding the parking spaces." <u>See</u> Defendant's Motion for Consolidation. The defense is completely wrong. Not one of these cases involves identical parties. The only common party to all cases is the plaintiff Samuel Love. Not a single defendant is the same in all of the cases. While the two Ocampo cases have one common party, each has at least one other that is not a party to the other suit. Moreover, they certainly do not involve the same transaction or incident.

**A. The Cases Involve Different Factual Allegations**

For example, in the present case, Mr. Love is suing RJR Properties and "Nemo and Jack's Discount Tire and Wheel" over an incident that took place at the defendants' property/ store located at 280 S. Arrowhead Avenue., San Bernardino, California. The plaintiff alleges that this particular piece of property did not have a compliant parking stall due to the dimensions of the purportedly compliant stall offered by Defendant. <u>See</u> Complaint, paragraphs 7-11. He also alleges it would be readily achievable to provide

such a space.

The "Arrowhead" case by comparison offers a different factual scenario where the parking lot offered no attempts at compliant parking. This is a distinctly different factual scenario, and consolidating the cases risks eliminating the nuances associated with them.

The "Gibson" case offers a third different scenario, where there is not just the defective parking, but a "policy and procedure" problem due to the state of disrepair that a dilapidated, potentially previously existing spot had fallen into. This "policy and procedure" issue will require significantly different factual analysis and conflating it with a lot that offered no parking at all may thoroughly confuse the issues.

**B. The Defenses Alleged by Defendants Require Individualized Assessments**

While all three Defendants are represented by the same counsel and he indeed has filed virtually three identical Answer, this does not change the factual differences that are in play in the three cases. While Defense may intend to defend these cases identically, Plaintiff has no plans to prosecute them as such.

The fact all three cases allege that each lot was compliant in their Answers (Sixth and Seventh Affirmative Defenses on each,) shows how different the analysis will be. Alleging no violations when the state of each lot was distinctly different in each makes the argument that the cases will be litigated similarly laughable. ADA violations are notoriously fact intensive and even projecting the image of similarity could potentially contaminate the cases if litigated together.

The Sixteenth and Seventeenth Affirmative Defenses in each answer also underscore how different these cases may be litigated, in which Defendants argue "technical unfeasible" and "undue burden". While neither of these defenses are facially proper to defend a violation of the ADA, the Defendant appears to be attempting to raise a "readily achievable" defense. The definition of "readily achievable" is found at 42 U.S.C. § 12181(9) and involves a very individualized assessment:

> In determining whether an action is readily achievable, factors to be considered include—
> **(A)** the nature and cost of the action needed under this chapter;
> **(B)** the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
> **(C)** the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
> **(D)** the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9). All three cases allege the same defenses, but the calculations, evidence and testimony required to prove them may be wildly different when the above test is applied. There could be a scenario where a given parking lot layout be deemed not feasible in one circumstance but not in another. Only an individualized assessment can properly evaluate these claims..

**C. The "Benefit" Offered by Defendant Seeks to Circumvent Evidence Barriers**

Defendant's motion for consolidation seeks to get around a known evidence barrier by introducing evidence that Plaintiff is a serial litigant via consolidation when it would otherwise be barred. He has disguised this as a benefit to the court in sections 12 and 13 of his arguments in favor of consolidation on pages 4-5, extolling the merits to Mr. Love only needing to testify once. This is wholly improper. He has offered a trade of hypothetical gain in judicial economy and concern for Mr. Love's condition, in exchange for Mr. Love's rights that have repeatedly been established by the California courts and the 9th Circuit, with support from the U.S. Supreme Court. This is not minor prejudice

Mr. Love is active in suing businesses that violate his civil rights. He is a profoundly disabled paraplegic, and understands that federal and state law entitle him to a certain level of physical access at businesses in the State of California. Failure to comply with these laws is discriminatory. The California Supreme Court has called such violations "per se injurious" although it is difficult to quantify in damages. Thus, the

California Legislature has seen fit to provide that a civil penalty is to be awarded to a plaintiff who brings these cases with the express purpose of encouraging enforcement. Mr. Love is what the published case law calls a "serial litigator." As discussed below, numerous courts have addressed the standing of serial litigators and ruled that there is nothing wrong with serial litigation and there are no adverse credibility determinations to be made from serial litigation.

The strategy of attacking the plaintiff's motivations or credibility has become quite common. "These arguments are representative of a troubling trend in which disability access defendants attack the motives of plaintiffs and counsel in nearly every case brought to enforce the right to equal access guaranteed by the ADA and California statutes." (*Kittok v. Leslie's Poolmart, Inc.* (C.D. Cal. 2009) 687 F. Supp. 2d 953, 958 [a case very similar to the present one, where the court granted summary judgment to a serial plaintiff due to the lack of a handicap parking space]. But the courts that oversee the majority of these cases and encountered these character attacks masquerading as defenses have soundly rejected the concept.

Citing to United States Supreme Court precedent, one federal court noted, "successful ADA plaintiffs confer a tremendous benefit upon our society at large in addition to the attainment of redress for their personal individual injuries… the enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the law." (*Walker v. Carnival Cruise Lines* (N.D. Cal. 2000) 107 F.Supp.2d 1135, 1143 [the "benefits of such changes clearly redound not only to the plaintiffs themselves, but to similarly situated disabled persons, and the entire society at large. As a result, plaintiffs or plaintiff classes who bring suit pursuant to the ADA do so in the role of private attorneys general who seek to vindicate a policy of the highest priority."].)

"As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed

individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." (*Molski v. Evergreen Dynasty Corp. I* (9th Cir. 2007) 500 F.3d 1047, 1062; *D'Lil v. Best Western Encina Lodge & Suites* (9th Cir. 2008) 538 F.3d 1031, 1040.)

The number of disability access lawsuits filed by an individual plaintiff is not evidence of abuse. (*Wilson v. Murillo* (2008) 163 Cal.App.4th 1124, 1128, fn. 3.) There is simply no relevance to the fact that the plaintiff has prosecuted numerous lawsuits against businesses – like the current ones – that are in blatant violation of the law. Thus, any defense attack on Mr. Love based on his litigation history, whether directly through testimony, or indirectly via consolidation has no relevance to the actual issues raised in this individual case. Trying to challenge Mr. Love's character due to his litigation history would be inappropriate, and as such consolidating the cases to attempt to do the same is improper.

Defendant's attempts to get around what he realizes is an evidence barrier is quite transparent. His offers of benefits to Mr. Love in consolidating his trials are clearly wolves in sheep's clothing and should be rejected by the court.

### III. CONCLUSION

In short, this case is not related to any other case that defense counsel has identified, especially to the point of consolidation. These cases do not meet the requirements for consolidation under the Federal Rules of Civil Procedure and there would be no saving of judicial resources to have them in front of one judge, as evidence barriers would require isolating them into separate trials anyhow. While each of these cases arises under the same statutes (disability laws), these are not identical issues. Every barrier is different. They must, necessarily, be individually litigated. Each case is comprised of different defendants and the defenses will need to be analyzed individually. Each property is configured differently and thus there is no "risk of inconsistent outcomes", as the matters are different. It is entirely possible that through

the discovery process it may become evident that the outcomes *should* be different.

This issue has arisen on a number of occasions before and not a single court has found different ADA cases to be "related" under the California Rules of Court or Federal Rules of Civil Procedure merely because they involved the same plaintiff. Plaintiff opposes the efforts to consolidate them.

Dated: February 23, 2015                    CENTER FOR DISABILITY ACCESS

/s/ Dennis Price
By:_____
Dennis Price
Attorney for Plaintiff