MICHAEL A. SCAFIDDI, ESQ. (SBN: 188567)
GARY HARRISON, ESQ., (SBN: 158421)
LAW OFFICES OF MICHAEL A. SCAFIDDI
432 N. Arrowhead Ave.
San Bernardino, CA 92401
Telephone: (909) 381-1000
Facsimile: (909) 381-1077

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samuel Love, | CASE NO: 5:15-cv-00001 (DSF) (DTBx) |
| Plaintiff, | REPLY TO OPPOSITION TO DEFENDANTS' MOTION FOR CONSOLIDATION |
| vs. | Date  :  March 16, 2015 |
| RJR Properties, a General Partnership; Nemo's & Jack's Discount Tire and Wheel, a California Corporation, and Does 1-10, | Time  :  1:30 p.m. <br> Dept.  :  840 <br><br> Honorable Judge Dale S. Fisher <br> United States District Court <br> Edward Roybal Federal Building |
| Defendants. | Los Angeles, CA 90012-3332 |

Comes now, Defendants and all of them, who Reply to the Plaintiff's Opposition to Consolidate this case with two cases filed by the same Plaintiff with identical allegations against two (2) businesses located in the City of San Bernardino, California.

**FACTUAL AND PROCEDURAL HISTORY**

There are three (3) cases where Plaintiff herein filed lawsuits alleging identical violations of the Unruh Act (hereinafter "ACT") and the Americans With Disabilities Act (hereinafter "ADA") against three businesses all located in close proximity to each other in the City of San Bernardino, California. This case was erroneously filed in the Los Angeles District[1]. The other two cases were filed in the Riverside, California Branch of the District Court.

---

[1] The parties have agreed to stipulate to a change of venue after this Motion is adjudicated.

Reply to Opposition to Motion for Consolidation                                               1

All three of the cases allege identical violations of the ACT and the ADA relating to handicapped parking signs and spaces. This lawsuit also alleges that the aisles were too small, but is otherwise identical. There is a common Plaintiff and identical questions of law and fact.

The Defendant has caused copies of the two (2) cases he seeks to consolidate with the Motion for Consolidation as exhibits.

**Argument 1**

**THE REQUIREMENTS OF RULE 42 FOR CONSOLIDATION ARE MET BECAUSE THERE ARE COMMON QUESTIONS OF LAW IN ALL THREE CASES**

*Federal Rules of Civil Procedure* Rule 42 states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." *Federal Rules of Civil Procedure* Rule 42 (as amended Feb. 28, 1966, eff. July 1, 1966; Apr. 30, 2007, eff. Dec. 1, 2007.)

Here, there are identical questions of law in all three cases relating to the adequacy of the handicapped parking available at the subject premises. There is no prejudice to the Plaintiff because the court can still order separate trials if that is needed to avoid prejudice.

**Argument 2**

**THE REQUIREMENTS OF RULE 42 FOR CONSOLIDATION ARE MET BECAUSE THERE ARE COMMON QUESTIONS OF FACTS IN ALL THREE CASES AND JUDICIAL RESOURCES WOULD BE PRESERVED IF ALL CASES WERE HEARD TOGETHER**

The factual allegations in all three cases are identical except for the additional allegation in this case relating to the width of the aisles. Rule 42 allows consolidation for either commonality of law or commonality of facts. Either commonality is sufficient to consolidate the

1  cases. Here both elements, law and fact, are common.

2       The Plaintiff's investigator was the same for all cases and the Defendants have retained
3  the same CASp Inspector for each case.[2] Any motions for summary adjudication will involve
4  common arguments. It is judicially efficient for the same Judge to hear all of the cases that
5  involve the same alleged violations of the ACT and the ADA and make all of the pre trial rulings
6  and hear all dispositive motions so that there is a consistency of the administration of justice.

7       The single essential requirement is questions of law or fact common to the cases that are
8  to be consolidated. *Enterprise Bank v. Saettele* (8th Cir. 1994) 21 F3d 233, 235 states the rules to
9  be:

10       " ("The threshold issue is whether the two proceedings involve a common party and common issues of fact or law."); see also *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir.1993) ("[A] trial court may consolidate multiple actions if the actions involve common questions of law or fact."); *Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624 (E.D.Wis.1984) ("There must be questions of law or fact common to the cases that are to be consolidated...."). Further, "consolidation is permitted **as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."** *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933); see also *United States v. Altman*, 750 F.2d 684, 695 (8th Cir.1984) (consolidated suits maintain their separate identities); *Kraft, Inc. v. Local Union 327, Teamsters*, 683 F.2d 131, 133 (6th Cir.1982) (same)." *Enterprise Bank v. Saettele* (8th Cir. 1994) 21 F3d 233, 235 (emphasis added)

18  Here, the Plaintiff is the same in all three cases. The defense counsel is the same in all
19  three cases.  All three cases involve allegations that the handicapped parking spaces at the
20  businesses were in violation of the ACT and the ADA.  Plaintiff's inspector is the same in all
21  three cases. Defendants' investigator is the same in all three cases. The allegations of damages
22  will have to be similar. All pretrial motions will be almost identical. All key trial witnesses,
23  except for the Defendants, will be the same. The arguments made will be the same. There is no
24  reason for three (3) different judges to have to consider what will be boiler plate identical
25  motions and responses to the motions and then hear identical trial testimony.
26  / / / / /
27  / / / / /
28

---

[2] **Based on the Rule 26(f) Conference Reports for each case.**

**Reply to Opposition to Motion for Consolidation**       3

**Argument 3**

**FAILURE TO CONSOLIDATE WOULD ENTAIL SUBSTANTIAL DUPLICATION OF LABOR IF HEARD BY DIFFERENT JUDGES IN VIOLATION OF THE LOCAL RULES OF THIS COURT.**

Plaintiff did not comply with rules of the United States District Court, Central District, local rule 83-1.3.1 when filing these three (3) cases which were clearly sufficiently related to warrant compliance with the local rules. The purpose of the rule is for judicial efficiency. The idea is to avoid substantial duplication of judicial labor if heard by different judges.

The three (3) cases were all filed virtually simultaneously by one Plaintiff in different districts involving identical questions of law for alleged parking lot violation relating to handicapped parking spaces at each business and similar questions of fact as to how and why the Plaintiff came to be at those businesses and how the alleged parking lot violations damaged him. Plaintiff failed to comply with the local rules of this court. It may have been an oversight or it may have been through ignorance, or perhaps to avoid consolidation where the serial nature of filing these lawsuits would be more obvious. The lawsuits were spread out over different districts, two filed in Riverside, and one in Los Angeles. Again, maybe by accident or through oversight, but too, maybe to conceal the serial nature of these lawsuits.

The *Rules of the United States District Court, Central District* Local Rule 83-1.3.1 states:

> "Notice.
>
> "At the time a civil action (including a notice of removal or bankruptcy appeal) is filed, or as soon as known thereafter, the attorney shall file and serve on all parties who have appeared a Notice of Related Case(s), stating whether any action previously filed or currently pending in the Central District and the action being filed appear:
>
> "(a) To arise from the same or a closely related transaction, happening or event; or
>
> "(b) To call for determination of the same or substantially related or similar questions of law and fact; or
>
> "**(c) For other reasons would entail substantial duplication of labor if heard by different judges**; or
>
> "(d) To involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present.

/ / / / /

> The Notice of Related Case(s) shall also include a brief factual statement setting forth the basis for the attorney's belief that the action qualifies for related case transfer.
>
> The Notice of Related Case also shall be served concurrently with service of the complaint." *Rules of the United States District Court, Central District* Local Rule 83-1.3.1 (83-1.3.1.1 new, effective 3/1/08)

Here there is no question that consolidating these cases that involve identical alleged violations of the ACT and the ADA by the same Plaintiff at the same point in time in the same geographic area with the same investigator, the same defense counsel, the same defense Inspector, the same allegations and the same dispositive motions **would entail substantial duplication of labor if heard by different judges** and should have been disclosed. There is no question that failure to consolidate would require substantial duplication of labor if heard by different judges.

### Conclusion

To warrant consolidation, either prong of Rule 42 must be met. There must be common questions of law or common questions of fact. Here, there are both common questions of law relating to whether the parking lots at the subject premises were in violation of the ACT or the ADA at the time of the violations and whether the violations have been cured. There are common questions of fact that the same Plaintiff's Investigator and same Defendant's Inspector will testify to. The damage arguments will be identical for alleged identical violations. Here, both prongs of Rule 42 are met as there are identical issues of law presented and common issues of facts.

The local rules require the cases be consolidated in the interest of judicial economy. The motives of Plaintiff for not complying with the rules and for filing cases arising in the same geographic area in different judicial districts might be sloth or stealth. It does not really matter, but it is curious. But the cases should be consolidated pursuant to FRCP Rule 42 and Local Rule 83-1.3.1.1 cited above.

Defendant requests that this court rule on consolidation, as this is the first filed case with the lowest case number. After adjudication of this motion, whether the court consolidates the cases or not, the Defendant requests that based on the parties oral stipulation elicited at the time of the hearing, that this case be transferred to the Riverside, California Branch of this court as the

1  alleged violations occurred in San Bernardino, California and all defendants reside and do
2  business in San Bernardino California.

4  Dated: February 26, 2015                Respectfully submitted,
5                                          LAW OFFICES OF MICHAEL A. SCAFIDDI

7                                          By: /s/ Michael A. Scafiddi
                                                MICHAEL A. SCAFIDDI, ESQ.
8                                               Attorney for Defendants

**PROOF OF SERVICE**
California Code of Civil Procedure §§ 1011, 1013, 1013a. 2015.5

STATE OF CALIFORNIA    )
COUNTY OF SAN BERNARDINO )

    I am employed in the County of San Bernardino, State of California. I am over the age of eighteen (18) years, and not a party to this action. My business address is 432 North Arrowhead Avenue, San Bernardino, California 92401.

    On February 27, 2015, I served the foregoing documents described as: **REPLY TO OPPOSITION TO MOTION FOR CONSOLIDATION** on the interested parties in the action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as indicated:

**SEE ATTACHED SERVICE LIST**

/ √ / (By Mail) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Bernardino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/___/ (By overnight delivery) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the address(es) mentioned above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

/___/ (By Facsimile Transmission) I served the above-described document on the interested parties in this action by sending a true copy thereof by facsimile transmission pursuant to *California Rules of Court*, Rule 2008, from facsimile machine number (909) 381-1077. The facsimile machine I used complied with *California Rules of Court*, Rule 2008, and no error was reported by the machine. Pursuant to Rule 2008(e)(3), I caused the machine to print a transmission record of the transmission.

/___/ (By Personal Service) I caused such envelope(s) to be hand delivered to the office(s) of the addressee(s).

/ √ / (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 27, 2015, at San Bernardino, California.

                                    _____
                                    Dondra Ferris

**PROOF OF SERVICE**
California Code of Civil Procedure §§ 1011, 1013, 1013a. 2015.5

Phyl Grace, Esq.
Center for Disability Access
P. O. Box 262490
San Diego, CA 92196-2490
Tel:     (848) 375-7385

*Attorneys for Plaintiff, Samuel Love*

Honorable Judge Dale S. Fischer
United States District Court
312 N. Spring Street
Los Angeles, Ca 91002-4701
Tel: (213) 894-1565