CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**,<br><br>        Plaintiff,<br><br>    v.<br><br>**RJR Properties,** a General Partnership;<br>**Nemo's & Jack's Discount Tire & Wheel, Inc.,** a California Corporation; and Does 1-10,<br><br>        Defendants. | **Case No**. 5:15-CV-00001-DSF-DTB<br><br>**Plaintiff's Opposition to the Defense Application for Stay and Early Evaluation Conference** |

## I. PRELIMINARY STATEMENT

The Defendants have filed an application for stay and early evaluation conference under the California Civil Code. This is a procedural device available in California state court but does not apply in federal court and must be denied.

## II. THE DEFENDANTS HAVE FAILED TO COMPLY WITH THE LOCAL RULES

The defense has filed this motion without setting it for a hearing date.

The defense has also failed to meet and confer as required under Local Rule 7-3 or to provide the certification of meeting of counsel. Had the defendants met and conferred, plaintiff's counsel would have explained that the state law procedural devices invoked by the defense are not applicable in federal court.

## II. FEDERAL LAW PREEMPTS STATE LAW

California's recent passage of Senate Bill 1186, supplementing the California Construction-Related Accessibility Standards Compliance Act ("CRASCA"), resulted in a number of changes to the California Civil Code, Code of Civil Procedure and the Business and Professions Code. Pursuant to CRASCA, a defendant who has been sued for a construction related accessibility claim can obtain a stay of the proceedings and an early evaluation conference. However, these procedural devices are only available in state court.

The stay and early evaluation procedures of CRASCA are preempted with respect to the plaintiff's ADA claims because it imposes "additional procedural hurdles" for the plaintiff that do not exist under federal law. *O'Campo v. Chico Mall, LP*, 758 F.Supp.2d 976, 984-85 (E.D. Cal. 2010). Additionally, under the *Erie* doctrine, a "federal court cannot order a plaintiff to engage in an early evaluation conference" under the Act for the state claims being prosecuted in federal court because such procedures are a matter of state procedural law, not substantive law. *Id.* at 985.

This has been a consistent holding among the courts that have been faced with the issue. See, e.g., *Oliver v. Hot Topic, Inc.*, 2010 WL 4261473, *1 (S.D. Cal. 2010) (denying application under Eerie doctrine); *Moreno v. Town and Country Liquors*, 2012 WL 2960049, *4 (E.D. Cal. 2012) ("The provisions of the Act are inapplicable to Unruh Act and CDPA claims filed in

federal court . . ..");  *Lamark v. Laiwalla*, 2013 WL 3872926, *1 (E.D. Cal. 2013) (California Civil Code § 55.54 "is preempted by the ADA and cannot be applied to plaintiff's ADA claim . . . It further appears that all California federal courts to have considered the issue have found that . . . a federal court should not apply the procedures of [the Act] . . . to supplemental state law claims either . . ..").

### III. CONCLUSION

The plaintiff respectfully requests this Court deny the application. Not only are the California Civil Code provisions not applicable in this setting but there is no reason to deviate from the standard settlement conference procedures available within the Central District or any of its own pilot projects if this case is selected for inclusion in them.

Dated: March 18, 2015                CENTER FOR DISABILITY ACCESS

/s/ Mark Potter

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

3