CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
Phylg @ potterhandy.com
          Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, | **Case:** 5:15-CV-00001-DSF-DTB |
| Plaintiff, | **Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment** |
| v. | |
| **RJR Properties,** a General Partnership; and **Nemo's & Jack's Discount Tire & Wheel, Inc.,** a California Corporation, | Date:    January 25, 2016<br>Time:    1:30 p.m.<br>Ctrm:    840 |
| Defendants. | Hon. Judge Dale S. Fischer |

## I. PRELIMINARY STATEMENT

The facts of this case undisputed. When Plaintiff Samuel Love visited the store on December 4, 2014, it was not in compliance with the Americans with Disabilities Act. In fact, it was until Defendants were served with the Complaint that they bothered to conduct Initial Accessibility Inspection on February 21, 2015. (Defendant's SUF #47). Twenty-seven distinct violations were confirmed. (Defendant's SUF #48). These violations were then repaired. (Defendant's SUF #49). Plaintiff does not dispute that the Store has since been sold.

The only question before the Court is whether it should exercise supplemental jurisdiction and grant Plaintiff's cross Motion for Summary Judgment, thereby ending litigation in its entirety, or grant Defendant's present Motion for Partial Summary Judgment, thereby beginning litigation anew in state court as Plaintiff seeks adjudication of his Unruh claim.

## II. SUPPLEMENTAL JURISDICTION IS APPROPRIATE

The Complaint in this case was filed on January 1, 2015. An Answer was filed on January 26, 2015. Defendants filed a Motion for Consolidation on February 5, 2015, which Plaintiff opposed, and which the Court denied on March 2, 2015. Then, on March 18, 2015, Defendants applied for a stay, and a few days later, March 24, 2015, Defendants filed a Motion to Dismiss. The motion to Dismiss was withdrawn on April 8, 2015, and a Jury Trial Order issued that same day.

Defendants served responses to discovery on April 10, 2015. A First Amended Complaint was filed on June 1, 2015, with an Answer filed on June 13, 2015. Defendant served supplemental disclosures on June 24, 2015, and responses to a second set of discovery on June 29, 2015. Expert witness Janis Kent inspected the subject property on December 8, 2015.

In the midst of heavily litigating this matter, Defendants corrected the parking violations alleged in the Complaint, and now are requesting the Court rule on a single cause of action, rather than exercise supplemental jurisdiction and rule on all causes of action, thereby bringing an end to litigation.

When the federal claims are dismissed from the case, the District Court has discretion whether to maintain its supplemental jurisdiction over the state claims or dismiss them. *Schneider v. TRW, Inc.*, 938 F.2d 986,

993 (9th Cir. 1991). The "justification" underlying the decision whether to maintain supplemental jurisdiction or dismiss a case, "lies in considerations of judicial economy, convenience and fairness to litigants . . .." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). In fact, the Courts have recognized that judicial economy is the "*essential policy* behind the modern doctrine of pendent jurisdiction" and it supports "the retention of pendent jurisdiction in any case where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id.* (emphasis added), citing *Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

Some courts have cited *Gibbs* for the proposition that, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well," as if this ended the discussion. But the Supreme Court has subsequently "shunned" any sort of knee-jerk dismissal preference in favor of a "common sense policy of pendent jurisdiction - the conservation of judicial energy and the avoidance of multiplicity of litigation." *Rosado*, 397 U.S. at 405. The Supreme Court itself has "made clear that [its *Gibbs*] statement does not establish a mandatory rule to be applied inflexibly in all cases." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 (1988).

In other words, there must be a consideration of the impact that dismissal will have on judicial economy with an eye towards the avoidance of multiplicity of litigation. "In deciding whether to extend supplemental jurisdiction over pendent state claims, courts must consider and weigh whether the extension of jurisdiction will serve the principles of judicial economy, convenience and fairness to the litigants, and comity to the states." *Id.*

Case: 5:15-CV-00001-DSF-DTB

Thus, in cases where the federal claim is dropped at a stage of the litigation where there has been substantial investment of resources, common sense and judicial economy warrant the keeping of the case. *Aydin Corp. v. Loral Corp.* 718 F.2d 897, 904 (9th Cir. 1983) (district court found to have acted properly in keeping the case, "because the record shows that the court and the litigants had expended considerable time on the pendent claims before the antitrust claims were dismissed."); *State of Ariz. v. Cook Paint & Varnish Co.* 541 F.2d 226, 227 -228 (9th Cir. 1976) (district court correctly kept the case where, "the court and the litigants had expended considerable time on [the state claims] before the [federal claim] was dismissed."); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (where the district court properly considered, "whether a return to state court would have been a waste of judicial resources when the case had been in federal court for some time" and where the 9th Circuit approved the fact that the "district court decided to retain the state claims based in part on the efforts already expended by counsel.")

In *In re Nucorp Energy Securities Litigation*, 772 F.2d 1486, 1491 (9th Cir. 1985), the Ninth Circuit found that the district court correctly kept the case where the, "district court was eminently familiar with the facts and issues . . . and was right in not imposing unnecessarily on a state court or on [the parties] a repetition of pleadings, motions, discovery and other pre-trial proceedings."  The *Enercomp* case is even more helpful. In *Enercomp*, the Court agreed that the District Court acted appropriately in keeping the case and reasoned:

> [I]t would have stood judicial economy on its head not to proceed with the state claims even if the securities action had been dismissed prior to trial. The case had involved over eleven months of often-heated pretrial litigation. The district court had already issued numerous memoranda and orders. Dispositive motions were not

filed until the very eve of trial. Under such circumstances, it would have been a pointless waste of judicial resources to require a state court to invest the time and effort necessary to familiarize itself with a case well-known to the presiding federal judge. It would have been unfair to the plaintiffs to transfer a case scheduled for trial within days in federal court to a state tribunal where it would have had to wait perhaps months to be heard. This court sees no inconvenience to either party from the exercise of pendent jurisdiction in this case.

*Enercomp, Inc. v. McCorhill Pub., Inc.*, 873 F.2d 536, 546 (2nd Cir. 1989). The facts in the present case are analogous. Similar to *Enercomp*'s "eleven months of often-heated pretrial litigation," the present case has involved twelve months of "often-heated" litigation. Just as the *Enercomp* court had issued memoranda, been briefed on and considered the factual and legal issues in the case, the court in the present case is in the same position, as this issue arises on cross motions for summary judgment. The parties have fully and completely litigated the case.  All that is required is for the Court to rule on the plaintiff's motion for summary judgment on the state claim. The words of the *Enercomp* court seem directly on point, "under such circumstances, it would have been a pointless waste of judicial resources to require a state court to invest the time and effort necessary to familiarize itself with a case well-known to the presiding federal judge." *Id.* at 546.

The only thing left in the current case is a ruling. The discovery is done, the issues fully developed and briefed, the actual property has been permanently altered, and the case is ready to be put to bed. This is a point in the litigation where it is simply irrational to dismiss the state claims. The principles of judicial economy are not served by dismissing the state claims, forcing the plaintiff to refile them in state court and pay a new filing fee, paying for new service of process, having the defendant pay the state

court required first appearance fee, holding a case management conference, bringing a state court judge up to speed, filing new motions for summary judgment that raise the identical issues that have already being briefed and are pending resolution in front of this Court. "Forcing these parties to litigate two nearly-identical cases in separate venues—one here and one in state court—is neither convenient, economical, nor fair." *Baker v. Palo Alto University, Inc.*, 2014 WL 631452, *2 (N.D. Cal. 2014).

The plaintiff's remaining state claim is for a single statutory penalty of $4,000. This Court acts properly in keeping and ruling upon the modest remaining state claim and it certainly does not infringe upon any principle of *comity*, especially given that the state claim is entirely predicated upon a federal violation. In fact, the concept of comity weighs heavily *in favor of* keeping the present case in federal court under these circumstances. "There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." *Gibbs*, 383 U.S. at 727.

### III. CONCLUSION

Plaintiff respectfully requests this Court deny Defendant's Motion for Partial Summary Judgment.

Dated: January 4, 2016          CENTER FOR DISABILITY ACCESS


By:___/s/ Christina Sosa_____
Christina Sosa, Esq.
Attorneys for Plaintiff